UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-21583-Civ-WILLIAMS/TORRES

MSPA CLAIMS 1, LLC,
a Florida limited liability company,

    Plaintiff,

v.

COVINGTON SPECIALTY INSURANCE COMPANY,
a foreign profit corporation,

    Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE

This matter is before the Court on MSPA Claims 1, LLC's ("Plaintiff") motion to strike Covington Specialty Insurance Company's ("Defendant") affirmative defenses. [D.E. 133]. Defendant responded to the motion on March 23, 2021 [D.E. 153] to which Plaintiff replied on March 30, 2021. [D.E. 160]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authorities, and for the reasons discussed below, Plaintiff's motion to strike is **DENIED**.[1]

---

[1] On March 11, 2021, the Honorable Kathleen Williams referred Plaintiff's motion to strike to the undersigned Magistrate Judge for disposition. [D.E. 143].

## I. APPLICABLE PRINCIPLES AND LAW

A party may move to strike pursuant to Rule 12(f) of the Federal Rules "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting *Fla. East Coast Railway Co. v. Peters,* 72 Fla. 311, 73 So. 151 (Fla. 1916)). Thus, affirmative defenses are pleadings, and as a result, must comply with all the same pleading requirements applicable to complaints. *See Home Management Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 27, 2007). Affirmative defenses must also follow the general pleading standard of Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the asserted defense. *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). A defendant must admit the essential facts of the complaint and bring forth other facts in justification or avoidance to establish an affirmative defense. *See id.*

"The striking of an affirmative defense is a 'drastic remedy' generally disfavored by courts." *Katz v. Chevaldina*, 2013 WL 2147156, at *2 (S.D. Fla. May 15, 2013) (citations omitted); *see also Blount v. Blue Cross & Blue Shield of Florida, Inc.*, 2011 WL 672450, at *1 (M.D. Fla. Feb. 17, 2011) ("Striking a defense . . . is disfavored by the courts."); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) ("Motions to strike are generally

2

disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties") (internal quotations omitted) (quoting another source).

But, a "defendant must allege some additional facts supporting the affirmative defense." *Cano v. South Florida Donuts, Inc.,* 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010). Affirmative defenses will be stricken if they fail to recite more than bare-bones conclusory allegations. *See Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002)). "An affirmative defense may also be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Katz*, 2013 WL 2147156, at *1 (citing *Blount v. Blue Cross and Blue Shield of Fla., Inc.,* 2011 WL 672450 (M.D. Fla. Feb.17, 2011)).

"Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison v. Exec. Aircraft Refinishing, Inc.,* 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). An affirmative defense should only be stricken with prejudice when it is insufficient as a matter of law. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Otherwise, district courts may strike the technically deficient affirmative defense without

prejudice and grant the defendant leave to amend the defense. *See Microsoft Corp.*, 211 F.R.D. at 684.

## II.   ANALYSIS

Plaintiff's motion seeks to strike thirty-six affirmative defenses because they are legally insufficient, constitute mere denials, and otherwise fail to meet the requirements under Rules 8 and 9. However, before turning to the merits, the first question is whether the motion is timely presented. Defendant says that the motion is late because it filed an answer on October 22, 2020 [D.E. 116] and Rule 12(f)(2) requires a movant to strike an affirmative defense within 21 days after service of a pleading:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Because the relief Plaintiff seeks passed more than four months ago, Defendant concludes that there is no need to reach the merits and that the motion can be denied as untimely.

Plaintiff agrees that Defendant filed an answer back in October 2020 and that the time to file a motion to strike passed long ago. Plaintiff claims, however, that the Court should still consider the motion on the merits because, courts may strike an affirmative defense *sua sponte*. While that argument has some merit, that is not the avenue for which Plaintiff seeks relief. Instead, Plaintiff wants the Court

to strike affirmative defenses via a *motion* even though the time to seek that relief passed many months ago. The problem is that Plaintiff never even explains why the Court should exercise that discretion when the motion is so untimely. Indeed, in similar circumstances, courts have rejected that option because otherwise a movant could always seek to strike an affirmative defense regardless of the 21-day requirement. *See, e.g.*, *Voxeo Corp. v. Vox.io LLC*, 2012 WL 12904728, at *1 (M.D. Fla. Nov. 27, 2012) ("The Motion was filed nearly five months after the Answer and Affirmative Defenses were served on Plaintiff. On that basis alone the Motion should be denied as untimely.") (internal citations omitted).

The same reasoning applies here because, while the Court would ordinarily consider each affirmative defense on the merits, Plaintiff cannot sidestep its failure to follow the Federal Rules. And Plaintiff has also not presented a reason for the Court to excuse that failure. Plaintiff only says that courts may consider affirmative defenses *sua sponte*. But, given that the motion is approximately four months late with no persuasive reason presented for the untimely relief requested, we will not allow Plaintiff to excuse its failure with an invitation for the Court to consider the affirmative defenses *sua sponte*. If Plaintiff wanted to strike these defenses, it should have filed a motion long ago. Yet, Plaintiff decided not to do so and the failure to take that action has consequences. Plaintiff's motion is therefore **DENIED** as untimely. *See Felicia v. Celebrity Cruises, Inc.*, 2012 WL 6869828, at *1 (S.D. Fla. Nov. 14, 2012) ("The Defendant's Answer and Affirmative Defenses was filed on February 27, 2012. The instant motion was filed on September 19,

5

2012, nearly seven months later. Therefore, the Court will not strike the Defendant's affirmative defenses as insufficiently pled.") (citing *Sakolsky v. Rubin Memorial Chapel, LLC,* 2007 WL 3197530 (S.D. Fla. 2007) (motion to strike affirmative defenses filed three months after Defendants filed their answer denied as untimely)).

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to strike [D.E. 133] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of April, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge