UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 19-21583-CIV-WILLIAMS

MSPA CLAIMS 1, LLC,

    Plaintiff,

vs.

COVINGTON SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on Magistrate Judge Edwin G. Torres' Report and Recommendation ("Report") on the Parties' cross motions for summary judgment. (DE 170). In the Report, Judge Torres recommends that Plaintiff's motion for summary judgment (DE 134) be **DENIED** and Defendant's motion for summary judgment (DE 130) be **GRANTED**. Upon an independent review of the Report, the record, and applicable case law, it is **ORDERED AND ADJUDGED** as follows:

1. The conclusions in the Report (DE 170) are **AFFIRMED AND ADOPTED**.[1]

---

[1] The Court notes that there is no competent record evidence to support MSPA's assertion that "Covington reported its primary payer status for P.M.'s claim to CMS *twice*" and "[i]t first reported the medical payments coverage for the claim to CMS sometime between November 2014 and January 2015." (DE 135 at ¶ 15.) MSPA's citations to the deposition transcript of Mr. DeMint, Covington's corporate representative, do not support this assertion because Mr. DeMint testified that he did not know for a fact if (or when) Covington submitted the Section 111 reports. (DE 131-3 at 144:10-14.)

However, Covington concedes that it "reported the P.M. settlement sometime between the date of the settlement (April 6, 2016) and July 15, 2015." (DE 154 at ¶ 15; DE 147-4 at 4.) To the extent Covington submitted a Section 111 report in response to this settlement, MSPA cannot rely on this reporting to establish that Covington is a primary payer. As correctly noted by Judge Torres, "given that the settlement agreement between

2. Plaintiff's motion for summary judgment (DE 134) is **DENIED**.

3. Defendant's motion for summary judgment (DE 130) is **GRANTED**.

**DONE AND ORDERED** in chambers in Miami, Florida this 12th day of July 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

Covington and P.M. is not included in any complaint filed thus far, MSPA cannot use it on summary judgment for the purpose of asserting a new theory of liability." (DE 170 at 14.)