## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 19-21583-Civ-WILLIAMS/TORRES

MSPA CLAIMS 1, LLC,
a Florida limited liability company,

      Plaintiff,

v.

COVINGTON SPECIALTY INSURANCE COMPANY,
a foreign profit corporation,

      Defendant.

_____/

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S MOTION FOR COSTS

This matter is before the Court on Covington Specialty Insurance Company's ("Defendant" or "Covington") motion for costs against MSPA Claims 1, LLC ("Plaintiff"). [D.E. 183]. Plaintiff responded to Defendant's motion on August 25, 2021 [D.E. 185] to which Defendant replied on September 1, 2021. [D.E. 186]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, the motion for costs should be **GRANTED in part** and **DENIED in part**.[1]

---

[1]     On August 12, 2021, the District Judge referred Defendant's motion for costs to the undersigned Magistrate Judge for disposition. [D.E. 184].

1

## I.     BACKGROUND

Plaintiff filed this action on September 13, 2018, seeking relief under the Medicare Secondary Payer Act and alleging that Covington failed to reimburse a Medicare Advantage Organization for payments made on behalf of an enrollee.  The undersigned issued a Report and Recommendation (the "R&R") on May 24, 2021, recommending that the Court grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment.  [D.E. 170].  The Court adopted the R&R on July 12, 2021 [D.E. 177] and entered judgment for Defendant.  [D.E. 178]. Though the judgment is now on appeal, Defendant is at this point the prevailing party and thus it seeks costs pursuant to Fed. R. Civ. P. 54(d)(1).

## II.     APPLICABLE PRINCIPLES AND LAW

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs.[2]  *Id.*  A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920.  *See Crawford Fitting Co.*

---

[2]     The following costs are permitted under 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

2

*v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). A court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *Id.*

Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable. *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").

### III.    ANALYSIS

Defendant seeks a total cost award of $27,831.79. The total includes, among other things, costs for attendance, transcripts, copies, videographers, exhibits, and electronic files for twelve depositions. Defendants say that the depositions were necessary because everyone was a material witness that Plaintiff either identified on its initial disclosures or on the parties' respective discovery responses with knowledge of the allegations in question. Defendant also claims that the deposition

costs were necessary for the preparation of a robust defense and for the party's success on the motion for summary judgment. Plaintiff opposes the motion for costs because the Court should defer any ruling until final resolution of the pending appeal. If the Court declines that option, Plaintiff asks that the amount sought be reduced by $7,413.99 because some of the costs requested are unrecoverable under 28 U.S.C. § 1920. Before turning to the merits, we first consider the question of entitlement.

### A.   _Entitlement to Costs_

To recover costs, Defendant must be a prevailing party. _See_ Fed. R. Civ. P. 54(d)(1) (providing that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). If Defendant is not a prevailing party, the inquiry ends absent statutory or contractual language to the contrary. To determine whether a party is "prevailing," it requires a finding of a court-ordered material alteration in the legal relationship between the parties. _See Buckhannon Bd. and Care Home, Inc._, 532 U.S. at 605. A "material alteration" occurs in: "(1) a situation where a party has been awarded by the court 'at least some relief on the merits of his claim' or (2) a 'judicial imprimatur on the change' in the legal relationship between the parties." _Smalbein ex rel. Est. of Smalbein v. City of Daytona Beach_, 353 F.3d 901, 905 (11th Cir. 2003) (quoting _Hewitt v. Helms,_ 482 U.S. 755, 760 (1987)).

There is no dispute here that, for now, Defendant is the prevailing party and entitled to costs because the Court entered a R&R recommending that the Court

4

grant Defendant's motion for summary judgment [D.E. 170] and the Court adopted that recommendation shortly thereafter.  [D.E. 177].  This suffices as a material alteration in the legal relationship between the parties because the "the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)". *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (quoting *United States v. Mitchell,* 580 F.2d 789, 793–94 (5th Cir. 1978)); *see also Haughton v. SunTrust Bank*, *Inc.*, 403 F. App'x 458, 459 (11th Cir. 2010) ("The district court determined correctly that Defendant, in whose favor the court had granted summary judgment, was the prevailing party in Haughton's suit.").

Plaintiff, however, requests that the matter be denied without prejudice in light of its pending appeal.  Plaintiff contends that, if an appeal is successful, the time and effort expended in adjudicating this motion will prove to be a waste of the Court's resources. "It is well settled in this circuit that costs may be taxed after a notice of appeal has been filed." *Rothenberg v. Sec. Mgmt. Co.,* 677 F.2d 64, 64 (11th Cir. 1982) (citing *Baum v. United States,* 432 F.2d 85 (5th Cir. 1970); *United States v. Kolesar,* 313 F.2d 835 (5th Cir. 1963)). ("As the Advisory Committee's Note to Rule 54 explains—albeit in the context of costs owing to attorney's fees—'[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing ... a new period for filing after the appeal has been resolved.' "). *Grovner v. Georgia Dep't of Nat. Res.,* 2015 WL 6453163, at *2 (S.D. Ga. Oct. 23, 2015) (citing Fed. R. Civ. P. 54(d)(2) advisory committee's note to 1993 amendment).  As a result

5

"several district courts in the Eleventh Circuit have declined to stay ruling on a bill of costs pending appeal, finding no valid reason for postponing the decision of taxable costs." *Grovner*, 2015 WL 6453163, at *3 (citing *City of Fort Lauderdale v. Scott,* 2013 WL 773471, at *1 (S.D. Fla. Feb. 27, 2013)) (denying a motion to stay the decision on a bill of costs pending appeal, and awarding costs for copying fees incurred in the course of litigation); *Breedlove v. Hartford Life & Accident Ins. Co.,* 2013 WL 361825, at *1–2 (M.D. Fla. Jan. 30, 2013) (denying a motion to stay the ruling on a bill of costs pending appeal, where the bill of costs requested payment of clerk's fees as well as fees for the service of subpoenas, transcripts, witnesses, and exemplification and copying); *Yale Galanter, P.A. v. Johnson,* 2008 WL 1766907, at *1 (S.D. Fla. Apr. 14, 2008) ("While the Court understands it has the authority to deny the bill of costs without prejudice to refiling after resolution of the appeal, the Court prefers to rule upon the motion at this time and enter a judgment for costs.")).

Here, the Court finds no persuasive reason to delay resolution of this Motion solely on the basis of the pending appeal. Though the Court has in the past stayed certain fee or cost motions, it has only done so where a very substantial possibility of success existed or the case presented very unique circumstances.  This case, however, does not rise to that level.  Though undoubtedly the issues involved are complex and may be subject to varying views, we do not find that this case represents the exception to the general rule.  And resolution of the motion "will neither impair nor impede the adjudication of the merits on appeal." *Grovner*, 2015 WL 6453163, at *3. Because Rule 54 grants the Court wide discretion to control the

timing of decisions on motions for costs filed during the pendency of an appeal, and the Court chooses to exercise such discretion in favor of an immediate ruling on the Motion for Costs, Defendant's Motion on this basis should be **GRANTED**.  *See, e.g., Lavora v. NCL (Bahamas) Ltd.,* 2017 WL 5308511, at *2–3 (S.D. Fla. Feb. 24, 2017), report and recommendation adopted, 2017 WL 5448151 (S.D. Fla. Mar. 28, 2017).

### B.    *The Disputed Costs*

Having established that Defendant is the prevailing party, Plaintiff says that the costs requested should be reduced by $7,413.99.[3]  Plaintiffs take issue with four categories of costs in the motion, including $894.24 for the expedited deposition transcript of Christopher Miranda ("Mr. Miranda"), $2,082.75 for the deposition of Octavio Fernandez ("Mr. Fernandez"), a transcript copy for Mark Romano ("Mr. Romano") deposition, and $4,437 in expenses for digitalization, synchronization, delivery, and shipping.   We consider each category of costs in turn.

### (1) *Expedited Deposition Transcripts*

The first issue is whether Defendant should be entitled to $894.24 for an expedited deposition transcript.  Defendant argues that an expedited transcript is recoverable because Mr. Miranda's deposition took place on October 16, 2020 or two weeks before the deadline in the Scheduling Order to serve an expert report. Defendant claims that the deposition took approximately seven hours and consumed 221 pages.   If Defendant had *not* sought an expedited transcript,

---

[3]    Since the parties agree that Defendant is entitled to the remaining relief requested, we limit our analysis solely to the matters in dispute.

Defendant says that it is likely that its expert would not have had time to review the deposition testimony and prepare a timely expert report.

Plaintiff takes issue with these costs because Mr. Miranda's deposition took place approximately five months before the parties' motions for summary judgment, demonstrating that the expedited transcript was non-essential to the resolution of this case. Plaintiff also says that, while the deposition took place a mere fourteen days before the deadline to exchange expert reports on October 30, 2020, Defendant relied on those reports in its opposition to Plaintiff's motion for class certification – not the parties' cross-motions for summary judgment. Therefore, Plaintiff concludes that the expedited transcript is non-essential and unrecoverable under 28 U.S.C. § 1920.

Costs associated with expedited transcripts are not automatically taxed. *See Maris Dist. Co. v. Anheuser–Busch, Inc.*, 302 F.3d 1207, 1226 (11th Cir. 2002). "However, a prevailing party may recover expedited charges by showing that either necessity or extraordinary circumstances justified that expense." *Velez v. Sprint/United Mgmt. Co.*, 2021 WL 1553934, at *3 (M.D. Fla. Mar. 30, 2021), *Report and Recommendation adopted*, 2021 WL 1546133 (M.D. Fla. Apr. 20, 2021). The issue here is whether the expedited transcript should be deemed necessary.

Plaintiffs say no because Defendant only relied upon the expedited transcript in connection with a motion for class certification and not a dispositive motion. But, if Plaintiff acknowledges that Defendant used the transcript to oppose the class-

certification motion, to comply with the Court's Scheduling Order, and to produce a timely expert report, it is unclear why that falls short of necessity.

Based on the undersigned's review of relevant cases, we have found no authority that limits the recovery of an expedited transcript solely to the disposition of a dispositive motion. In fact, courts have often awarded costs for expedited transcripts that rely upon the disposition of non-dispositive motions like motions for protective order. *See, e.g.*, *Equal Emp. Opportunity Comm'n v. Doherty Grp., Inc.*, 2020 WL 8181630, at *4 (S.D. Fla. Dec. 29, 2020), *Report and Recommendation adopted sub nom. Equal Emp. Opportunity Comm'n v. Doherty Enterprises, Inc.*, 2021 WL 148734 (S.D. Fla. Jan. 15, 2021) (finding expedited transcripts necessary and taxable because they were relevant in the disposition of a motion for protective order).

The reason courts decline to limit an expedited transcript solely to dispositive motions is because there is nothing about "necessity" or "extraordinary circumstances" that ties the recovery of these costs to a specific set of motions. While expedited transcripts require the requesting party to show that the transcript is essential to the resolution of a case, the term "resolution" does not equal a dispositive motion. *See Pediatric Nephrology Assocs. of S. Fla. v. Variety Children's Hosp.*, 2018 WL 4778456, at *4 (S.D. Fla. July 9, 2018), *Report and Recommendation adopted,* 2018 WL 4777166 (S.D. Fla. July 24, 2018) ("To recover costs for expedited or rough transcripts, the requesting party bears the burden of showing that expediting the transcript was 'essential to the resolution of the case.'")

(citing *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1293 (S.D. Fla. 2015)).  The Court should thus award $894.24 in expedited deposition transcript costs because, although the Court did not consider the motion for class certification on the merits, it was reasonably necessary that Mr. Miranda's testimony was essential to the resolution of this case.[4]

### (2) Mr. Fernandez's Deposition

The second issue is whether Defendant should be entitled to recover costs for the deposition of Mr. Fernandez.  Costs for deposition transcripts are generally taxable if transcripts are "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000).  In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken.  *Id.*  If "the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

Plaintiff opposes any costs for Mr. Fernandez's deposition because neither party relied on his testimony in their cross motions for summary judgment.

---

[4]     The Court did not issue a specific ruling on the merits of the motion for class certification because of the R&R on May 24, 2021 that recommended that Defendant's motion for summary judgment be granted.  [D.E. 170].  It is reasonable, however, that Mr. Miranda's deposition could have led to the defeat of the motion for class certification and the resolution of this case.

Plaintiff also says that Mr. Fernandez is not a party to this case and that he did not appear on Plaintiff's witness list.   The latter part of Plaintiff's argument is unpersuasive because there is no authority for the principle that the transcript of a third-party witness is unrecoverable.   The same is true with the contention that both parties must identify a deponent on each of their witness lists for the costs of a deposition to be recoverable.

Having quickly disposed of these arguments, Mr. Fernandez's deposition is recoverable because Defendant relied upon him in its summary judgment filings and identified him on its witness list.  [D.E. 158 at ¶ 9, 167-4 at 2].  These costs are also recoverable because "a deposition taken within the proper bounds of discovery will normally be deemed to be necessarily obtained for use in the case and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged." *New S. Commc'ns, Inc. v. Houston Cas. Co.*, 2020 WL 1062875, at *3 (S.D. Fla. Feb. 18, 2020) (citation and quotation marks omitted).  Yet, Plaintiff has presented no objection to that effect. And it also true that "deposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success[.]" *Ferguson v. Bombardier Serv. Corp.,* 2007 WL 601921, * 3 (M.D. Fla. Feb. 21, 2007) (citing *W&O,* 213 F.3d at 621).   Because Defendant relied on this testimony for summary judgment purposes and Plaintiff fails to show that the costs are unnecessary, the Court should award all of Mr. Fernandez's deposition costs.

### *(3) Mr. Romano's Deposition*

The next issue is Defendant's request for an original and copy of Mr. Romano's deposition transcript.  Plaintiff claims that there is no explanation for the recovery of this deposition and that, if the Court grants any relief, a copy should be stricken because Defendant must have acquired it for the convenience of counsel.  Since convenience alone is an inadequate reason to award costs for a deposition transcript, Plaintiff asks that this amount be reduced.

Defendant's reply clarifies that the amount sought does not include an original and copy of Mr. Romano's deposition transcript as the invoice originally indicated.  The total instead includes 138 pages of the deposition transcript billed at $5.65 per page plus a $166 administrative fee (i.e. exhibits, binding, mailing, etc.) and $157.50 for the use of a conference room for a grand total of $1,103.20.

While this renders Plaintiff's original argument moot, the administrative and rental costs for the conference room are not recoverable under 28 U.S.C. § 1920.  *See Shannon v. Nat'l R.R. Passenger Corp.*, 2019 WL 11499121, at *3 n.1 (S.D. Fla. Nov. 14, 2019), *Report and Recommendation adopted*, 2019 WL 11499122 (S.D. Fla. Dec. 3, 2019) ("The defendant is not entitled to costs incurred from conference room rentals.  Such costs should not be awarded. ") (citing *Nissim Corp. v. Clearplay, Inc.*, 2009 WL 10664388, at *2 (S.D. Fla. Aug. 19, 2009) ("Costs such as equipment and conference room rentals are not specifically authorized by [28 U.S.C. § 1920].")); *see also Powell v. The Home Depot, U.S.A., Inc.*, 2010 WL 4116488 (S.D. Fla. Sept. 14, 2010), at *16 (deductions for bindings and tabs "are not permitted

12

by section 1920 and appear to have been incurred for the convenience of counsel"). We will thus subtract $323.50 ($166 administrative fee plus the $157.50 for the use of a conference room rental) from the total amount sought in connection with Mr. Romano's deposition.

### (4) Ancillary Deposition Costs

Plaintiff's final challenge is to $4,437 in ancillary deposition costs that include delivery and handling fees, digitizing, shipping, and electronic delivery. Plaintiff objects to these costs because courts in this district have often found that these costs are not recoverable under 28 U.S.C. § 1920. *See Cortez v. Tom Thumb Food Stores, Inc.*, 2013 WL 12383258, at *2 (S.D. Fla. Nov. 15, 2013), *Report and Recommendation adopted*, 2013 WL 12383257 (S.D. Fla. Dec. 30, 2013) (noting that in the Southern District of Florida, costs for "digitalization, shipping, delivery and related extra fees . . .have been denied as 'ordinary business expenses' that cannot be taxed in relation to deposition transcripts.") (citing cases). Defendant acknowledges that some courts have denied these costs in the past. But, Defendant says that other courts have found these costs to be recoverable because they have the potential to conserve resources during trial:

> With the potential for trial looming in this case, video synchronization would help the Court run the trial in an efficient manner if the case made it to that point. Synchronization is "critical" in "assist[ing] the Court in ruling on the parties' designations of the exact excerpts to be played." *Cordell Consultant, Inc. v. Abbott*, 2017 WL 8794778, at *7 (S.D. Fla. Dec. 15, 2017), *Report and Recommendation adopted*, 2018 WL 1795450 (S.D. Fla. Jan. 31, 2018). "Even though this case did not go to trial and therefore the video synchronization was not used by the Court, . . . it seems reasonable to allow these costs." *Id.*

*Wreal, LLC v. Amazon.com, Inc.*, 2019 WL 12278758, at \*6 (S.D. Fla. Dec. 26, 2019), *Report and Recommendation adopted*, 2020 WL 9551978 (S.D. Fla. Jan. 15, 2020).

The problem for Defendant, in relying on this competing line of cases, is that this case does not present the same procedural posture with the possibility for trial. Instead, the Court resolved this case on a motion for summary judgment. We are also unpersuaded that ancillary deposition costs are recoverable under 28 U.S.C. § 1920 because, while there are some courts that find otherwise, the majority hold that these costs are unrecoverable. *See Doe v. Rollins Coll.*, 2021 WL 3230424, at \*8 (M.D. Fla. July 13, 2021), *Report and Recommendation adopted*, 2021 WL 3209564 (M.D. Fla. July 29, 2021) ("The fees for condensed transcripts, exhibits, and delivery, shipping, and handling, absent explanation from Defendant, are also not taxable costs.") (citing cases); *see also Lebron v. Royal Caribbean Cruises, Ltd.*, 2021 WL 3007191, at \*6 (S.D. Fla. June 28, 2021), *Report and Recommendation adopted*, 2021 WL 3005648 (S.D. Fla. July 15, 2021) ("In *Watson v. Lake County*, the Eleventh Circuit Court of Appeals held that Section 1920 did not extend so far as to cover shipping fees for depositions.") (citing *Watson v. Lake County*, 492 F. App'x 991, 997 (11th Cir. 2012)).

But beyond the fact that this reading of the cost statute is the prevailing view in the Circuit, the Supreme Court has time and again rejected clever arguments around the basic six statutory costs enumerated in section 1920. *See, e.g., Rimini St., Inc. v. Oracle USA, Inc.,* 139 S. Ct. 873, 878 (2019) ("Our cases, in sum,

establish a clear rule: A statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect."); *Taniguchi v. Kan Pac. Saipan, Ltd.,* 566 U.S. 560, 562, 573 (2012) ("Because taxable costs are limited by statute and are modest in scope, we see no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920.") ("'compensation of interpreters' is limited to the cost of oral translation and does not include the cost of document translation.").

Because Defendant is not entitled to this amount under the limited and modest scope of section 1920 costs, the motion to recover $4,437 in ancillary deposition costs should be **DENIED**.

## IV.   *CONCLUSION*

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's motion for costs [D.E. 183] be **GRANTED in part** and **DENIED in part**:

A.   The motion for costs should be **GRANTED** as to all costs requested but **DENIED** as to the $4,437 in ancillary deposition costs and $323.50 in administrative and conference room costs.

B.   Defendant should recover a total cost award of $23,071.29.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the Court finds good cause to order the parties to have fourteen days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo*

determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 28th day of September, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge