UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-CIV-21583-WILLIAMS/TORRES

MSPA CLAIMS 1, LLC,

    Plaintiff,

v.

COVINGTON SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

**THIS MATTER** is before the Court on Chief Magistrate Judge Edwin G. Torres' Report and Recommendations ("Report") (DE 187) on the Motion for Bill of Costs (the "Motion") filed by Defendant (DE 183). The Report recommends the Court grant in part and deny in part Defendant's Motion. Plaintiff filed Objections to the Report (DE 188),[1] to which Defendant filed a Response (DE 189).

---

[1] Importantly, Plaintiff only objects to the portion of the Report denying Plaintiff's request for a stay. Thus, there are no objections to Judge Torres' recommendations regarding Defendant's costs award. Plaintiff only objects to the Report because Plaintiff has appealed this Court's final judgment and contends collection of costs should be stayed until the appeal is resolved. (DE 188 at 2.) In this circuit, a party seeking a stay pending appeal must satisfy a four-factor test: (1) that it is likely to prevail on the merits; (2) that it will suffer irreparable harm absent a stay; (3) that the other party will not suffer substantial harm if the stay is issued; and (4) that the stay is not adverse to public interest. *Tamiami Condo. Warehouse Plaza Assoc., Inc. v. Markel Am. Ins. Co.*, 2020 WL 6585873, at *2 (S.D. Fla. Sept. 11, 2020). Upon review of Plaintiff's Objections and the record, the Court finds Plaintiff has not met its burden.

Although Plaintiff provides citations to case law regarding the general elements of a plaintiff's burden in requesting a stay and the applicable standard of review, Plaintiff does not cite to any cases supporting its likelihood of success on the merits on appeal. Likelihood of success is the most important factor, although a stay may be granted upon a "substantial case on the merits" when factors 2, 3, and 4 "weigh[] heaving in granting

Upon a careful review of the Report, the Motion, the Objections, and the record, it is **ORDERED AND ADJUDGED** that:

1. Judge Torres' Report (DE 187) is **AFFIRMED AND ADOPTED**.

2. Defendant's Motion for Bill of Costs (DE 183) is **GRANTED IN PART AND DENIED IN PART**.

---

the stay." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). Plaintiff fails to carry its burden on all four factors.

In its Objections, Plaintiff provides six reasons for its likelihood of success on appeal, none of which are supported by citation to case law, other legal authority, or the record in this matter. (*Id.* at 2–3.) Plaintiff asserts that the "Court's order is in direct contravention of Eleventh Circuit case law interpreting and applying the MSP Act," but fails to cite to such applicable "Eleventh Circuit case law." (*Id.* at 4.) Thus, Plaintiff "has not met [its] burden of proving either a probable likelihood of success or that [it has] a substantial case on the merits." *Breedlove v. Hartford Life & Accident Ins. Co.*, 2013 WL 361825, at *1 (M.D. Fla. Jan. 30, 2013) (holding the plaintiffs did not show a likelihood of success on the merits because "[p]laintiffs summarily argue[d] that the Court erred in its analysis, but offer[ed] no evidence or case law to support their argument") (emphasis added); *see also Armstrong v. Barr*, 2020 WL 4201826 at *2 (N.D. Ala. July 22, 2020) (denying a motion to stay where the plaintiff's argument that success on appeal was likely was "based on the unsupported claim that [the c]ourt's conclusions were wrong"); *see also Aristyld v. City of Lauderhill*, 2013 WL 12136514 at *1 (S.D. Fla. July 13, 2013) (denying a motion to stay because the "bare bones motion fail[ed] to address, much less satisfy, the factors that must be considered in issuing a stay"); *c.f. In re Grand Jury Proceedings*, 689 F.2d 1351, 1353 (11th Cir. 1982) (holding that a petitioner for a stay pending appeal "must show" the four factors of a likelihood of success on the merits).

The cases Plaintiff cites as examples of other courts granting stays pending appeal—cases which do relate to the substantive issues in this matter—are distinguishable or inapplicable. *See Truesdell v. Thomas*, 2016 WL 7049252 at *1–*2 (M.D. Fla. Dec. 5, 2016) (continuing a stay that originated when both parties to the litigation had filed a notice of appeal); *Klayman v. Freedom's Watch, Inc.*, 2008 WL 4194881, at *1 (S.D. Fla. Sept. 12, 2008) (staying the collection of costs pending appeal, but not providing the basis for doing so); *Guerrero v. Calif. Dep't of Corr. & Rehab.*, 2016 WL 3360638, at * 3 (N.D. Ca. June 16, 2016) (affirming a report and recommendation staying an award of attorney's fees, costs, and expenses after all appeals have been exhausted when no party opposed the stay).

a. The Motion is **GRANTED** as to all costs requested but **DENIED** as to the $4,437 in ancillary deposition costs and $323.50 in administrative and conference room costs.

b. Defendant is awarded a total cost award of $23,071.29.

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>14th</u> day of March, 2022.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE